# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WIMBER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLIE JACKSON, et al., ) <br> ) <br> Defendants. ) | Case No. 3:18-cv-00415 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Plaintiff James D. Wimber, an inmate at the Stewart County Jail in Dover, Tennessee, has filed a pro se complaint against Charlie Jackson, Eric Jackson, and Jackson Logging Co. (Doc. No. 1.) The plaintiff also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2) which the court found to be deficient in an order entered May 24, 2018. (Doc. No. 13.) On June 4, 2018, the plaintiff filed a new IFP application which cured the deficiency identified in the court's order. (Doc. No. 17.) The case is now before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application to proceed IFP is **GRANTED**. Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is

**DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the Stewart County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.     **Allegations of the Complaint**

Without specifying the source of his cause of action against the defendants, the plaintiff's complaint seeks to vindicate alleged violations of his civil rights, citing "False imprisonment and the 8th Amendment." (Doc. No. 1 at 3.) The plaintiff alleges that, at some point after he and defendant Eric Jackson reconciled as friends "in the early part of 2016," he met Mr. Jackson at a bank in Dover, Tennessee, to cash a check. (Doc. No. 1 at 4.) After cashing the check, the plaintiff discovered that he was being sought on charges of forgery and theft of services based on a check written by Charlie Jackson, when in fact it was Eric Jackson who made changes to the check. (*Id.* at 5.) His subsequent arrest on those charges appears to have resulted in a violation of his probation, and he has lost his house and possessions due to being incarcerated. (*Id.*) Even though Eric Jackson subsequently took full responsibility and "has been turned in and doing prison time on the charge," the plaintiff is still in prison. (*Id.* at 6.) He complains that "once again I am in this

3

Stewart County Jail Detention Center on a false charge and this place has refused my medication till it caused me more problems with my lungs and my breathing." (*Id.*)

The plaintiff concludes that the harm he has suffered could have been avoided "[i]f the said Mr. Charlie Jackson had only put charges on his son on the check that his son changed and not pursued to put it on me, especially [be]cause his father had known that his son could and would do things of this nature[.]" (*Id.* at 6–7.) He seeks monetary relief from Charlie Jackson, Eric Jackson, and Jackson Logging Co., including a cash reimbursement for itemized losses, $250,000.00 for mental and/or emotional distress, and $500,000.00 "for the medical due to the fact if this charge was not placed on me I would not [have] been incarcerated to have the neglect or abuse done to me." (*Id.* at 3.)

The plaintiff has further filed a Motion to Amend and/or Add to his complaint (Doc. No. 20), in which he alleges that he "is still being kept and/or housed in a facility that is not really playing fair" and is "refusing not just my medical needs but also I feel is doing stuff to keep me from having all the said "law-work" time and/or indoor rec being the library." (*Id.* at 1–2.)

**C. Analysis**

The plaintiff's Motion to Amend and/or Add to his complaint, which "ask[s] to have all his civil rights [added] in this case to be defended by Mr. Wimber" (Doc. No. 20 at 2), is construed as seeking to supplement the complaint, and is **GRANTED**. Together with this supplement, plaintiff's complaint is construed as seeking relief pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution

4

or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

Although the plaintiff makes reference to medical neglect or abuse in his complaint, and to having his medical needs refused at the Stewart County Jail, he already has pending in this court a lawsuit against Stewart County alleging deliberate indifference to his medical needs, Case No. 3:17-cv-01244 (Trauger, J.). (Doc. No. 1 at 2.) That case seeks to establish governmental liability for alleged harms resulting from inattention to his medical needs associated with asthma, and is the appropriate vehicle for any such allegations to be litigated.

The instant case, on the other hand, clearly seeks to establish the liability of persons who are not state actors but private citizens, for their roles in getting the plaintiff arrested for passing a bad check and ultimately sentenced to a term of incarceration in the Stewart County Jail. Although the complaint is couched in terms of the deprivation of civil rights suffered as a consequence of these defendants' actions, it is clear that the plaintiff cannot proceed under § 1983 without alleging a deprivation caused by a person acting under color of state law. *Carl*, 763 F.3d at 595. "Private individuals may be considered state actors if they exercise power possessed by virtue of state law and if they are clothed with the authority of state law," such that their actions can be fairly attributed to the state. *Id.* (citations and internal quotation marks omitted). But there is no allegation here of any such power or authority being exercised by the named defendants. In the absence of a state-actor defendant, this case must be dismissed for failure to state a claim on which relief can be granted under § 1983. The dismissal is without prejudice to the plaintiff's ability to pursue any claim to damages against these defendants in state court.

### III. Conclusion

In light of the foregoing, the plaintiff's Application to Proceed IFP (Doc. No. 17) and to Amend and/or Add to his complaint (Doc. No. 20) are **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted. All other pending motions are **DENIED** as moot.

The entry of this Order shall constitute the final judgment in this action. The court certifies that any appeal from this judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge